UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 14-12603-RGS

RUSSELL TOOMAJANIAN

v.

INSIGHT GLOBAL, INC.

July 24, 2014

STEARNS, D.J.

Russell Toomajanian was employed by defendant Insight Global, a national information technology staffing company, from December 17, 2009, to early April of 2010.[1] Toomajanian was admitted to the Lahey Clinic on Sunday, April 4, 2010, in acute need of medical care. He remained an inpatient at Lahey through April 8, 2010. While at Lahey, Toomajanian received a telephone call from Insight Global employee Lauren Parks. She informed him that "his employment with Insight Global was being terminated." Verified Compl. ¶ 5. During the call, Toomajanian asked Parks about the status of his employer-provided health insurance. Parks responded that his insurance would remain in place during his stay at Lahey and would be available, to the extent of the coverage, to pay the hospital and other medical costs.

Relying on Parks's assurances, Toomajanian decided to forgo paying for

---

[1] These facts are taken from the Verified Complaint.

extended insurance coverage through COBRA or another insurance vehicle. Notwithstanding Parks's representations, Insight Global recorded Toomajanian's last day of employment as Friday, April 2, 2010, two days prior to his admission to Lahey. Toomajanian subsequently learned that his employee health insurance had also been cancelled that same day. Toomajanian as a result has been stuck with $13, 318 in unpaid medical bills.

Toomajanian filed a Verified Complaint against Insight Global in the state district court in Concord, Massachusetts, alleging promissory estoppel (Count I), violation of Mass. Gen. Laws ch. 93A, §§ 2 and 9 (Count II), and breach of contract (Count III). Toomajanian bases his claims on Insight Global's "refusal to honor its promise."[2] Verified Complaint ¶¶ 17, 24. Insight Global filed a Notice of Removal on June 25, 2014, asserting federal question jurisdiction, more specifically, that Toomajanian's claims are preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1144(a). Insight Global then moved to dismiss the Verified Complaint, arguing that Toomajanian had failed to allege an exhaustion of his administrative remedies under Insight Global's ERISA Plan (Plan).

In response, Toomajanian moved for a remand to state court, arguing

---

[2] Toomajanian represents, and Insight Global does not dispute, that it is not the ERISA Plan Administrator.

that ERISA was inapplicable as he "had not brought a lawsuit that alleges a plan was improperly administered, that involves an analysis of available coverage under a plan, or any other claim against a welfare benefit plan. . . . [and that the] dispute arises solely from conduct of his former employer." Pl.'s Mem. at 3 [Dkt. #12]. The court agreed, and on July 21, 2014, ordered the case remanded to the Concord District Court. The following day, Insight Global filed a motion asking the court to reconsider, contending that the First Circuit's decision in *Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790 (1st Cir. 1995), mandates exclusive federal jurisdiction (and therefore removal).[3]

DISCUSSION

The gist of Toomajanian's Complaint is his associated claims of misrepresentation and promissory estoppel. "To sustain a claim of misrepresentation, a plaintiff must show a false statement of material fact made to induce the plaintiff to act, together with reliance on the false statement by the plaintiff to the plaintiff's detriment. . . . The speaker need not know 'that the statement is false if the truth is reasonably susceptible of actual knowledge, or otherwise expressed, if, through a modicum of diligence, accurate facts are

---

[3] This is somewhat overstated. Section 502(a)(1)(B) of ERISA permits claims for benefits or suits to clarify or enforce ERISA rights to be brought in state as well as federal court.

available to the speaker.'" *Zimmerman v. Kent*, 31 Mass. App. Ct. 72, 77 (1991), quoting *Acushnet Fed. Credit Union v. Roderick*, 26 Mass. App. Ct. 604, 605 (1988).

Here, Toomajanian is not looking to recover benefits allegedly due him under the ERISA Plan (nor could he as his losses were incurred after his being ejected by his employer from the Plan). The financial harm suffered by Toomajanian - his out-of-pocket medical bills - are neither defined by, nor limited to, the benefits he would have been entitled to under the Plan had he remained an employee. Rather, the losses of a victim of misrepresentation are measured under the relevant Massachusetts tort law by the financial harm caused by his reliance on the underlying misrepresentation. *Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc.*, 455 Mass. 458, 472 n.22 (2009). In other words, the liability of Insight Global (if established) stems not from ERISA, but from its capacity as the employer of a tortfeasor. *See Wilson v. Zoellner*, 114 F.3d 713, 718 (8th Cir. 1997) (finding no preemption of a state-law claim of negligent misrepresentation – "If Prudential incurs any liability as a result of this suit, it will do so only as the employer of a tortfeasor, and not as a plan fiduciary. Prudential will not be liable in any way for its administration of the ERISA plan, but rather for the coincidental and unrelated conduct of its agent."); *see also Morstein v. Nat'l Ins. Servs., Inc.*, 93 F.3d 715, 723 (11th Cir.

1996) (same – "When a state law claim involves the reliance on an insurer's promise that a particular treatment is fully covered under a policy . . . a claim of promissory estoppel is not 'related to' the benefits plan.").[4] The *Carlo* decision, which defendant cites as mandating preemption, is inapposite to the facts of this case. In *Carlo*, the plaintiffs' entitlement to ERISA pension benefits had vested and there was no dispute but that their suit, had it succeeded, would have required an "analysis of a qualified ERISA plan . . . [and] ultimately, the amount of benefits the plaintiffs would be entitled to [from the plan] on retirement." *Carlo,* 49 F.3d at 795. Here, there can be no dispute but that Toomajanian, far from being entitled to benefits, and been divested of his Plan membership.

Moreover, in deciding *Carlo*, the First Circuit did not have benefit of the Supreme Court's decision (which came a month later) in *New York Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 653 (1995), in which the Court departed from a strict reading of the "relate to" test of *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 139 (1990), and earlier

---

[4] This makes intuitive as well as legal sense. Assume that Toomajanian, while still an employee of Insight Global, had been struck and injured by a company vehicle errantly driven by Parks. Although his medical bills would have been presumably covered by the Plan, no one could seriously argue that the measure of his tort damages would be decided or limited by reference to the Plan's medical benefits schedule.

cases, and in the words of the Eleventh Circuit, "essentially turned the tide on the expansion of the preemption doctrine." *Morstein,* 93 F.3d at 721. [5]

The more restrictive view of ERISA preemption taken by the Eighth and Eleventh Circuits in the wake of *New York Conference*, particularly in the context of a case like this one, serves the interests of justice by addressing the reservation expressed by the First Circuit in *Carlo* – that the overly expansive application of preemption in benefit misrepresentation suits "often leave[s] plaintiffs remediless." *Carlo,* 49 F.3d at 794. That would almost surely be the result here were the motion to reconsider be allowed.

ORDER

For the foregoing reasons, the motion to reconsider the order of remand is DENIED.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[5] "[W]hen a state law claim brought against a non-ERISA entity does not affect relations among principal ERISA entities as such, then it is not preempted by ERISA." *Morstein*, 93 F.3d at 722, adopting rationale of *Perkins v. Time Ins. Co.*, 898 F.2d 470, 473 (5th Cir. 1990). In this case, neither party is alleged to be an "ERISA entity."